24-2545-cv
Hercules Pharms., Inc. v. Cherne

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-five.

PRESENT: DENNIS JACOBS,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

HERCULES PHARMACEUTICALS, INC.,

*Plaintiff-Appellee*,

v.                                                          No. 24-2545-cv

BRANT CHERNE,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:                     Jamie Felsen, Milman Labuda Law Group PLLC, Lake Success, NY

FOR APPELLEE:                      Laurent S. Drogin, Richard C. Schoenstein, Brittany K. Lazzaro, Tarter Krinsky & Drogin LLP, New York, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendant Brant Cherne appeals from an order of the United States District Court for the Eastern District of New York (Seybert, *J.*) granting a preliminary injunction in favor of his former employer, Plaintiff Hercules Pharmaceuticals, Inc.  The injunction enforces the Employee Confidentiality and Non-Compete Agreement (the "Agreement") between Cherne and Hercules. Hercules brought claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836, and New York law, alleging misappropriation of trade secrets, breach of contract, breach of fiduciary duty, and unfair competition.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

Hercules, a pharmaceutical distributor incorporated in New York, sued Cherne after he resigned from his position as a Director of Business Development at Hercules on August 1, 2024, and immediately began employment with NDC Distributors, which Hercules alleges is a direct competitor in the wholesale pharmaceutical distribution industry. The District Court issued a temporary restraining order on August 16, 2024, and issued the preliminary injunction on September 23, 2024. On appeal, Cherne challenges the grant of a preliminary injunction.

We review the grant of a preliminary injunction for abuse of discretion, "examining the legal conclusions underpinning the decision de novo and the factual conclusions for clear error." *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 58 (2d Cir. 2020). A party seeking a preliminary injunction must establish "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022) (quotation marks omitted).

Starting with irreparable harm, the District Court cited evidence that Cherne had "already divulged some of [Hercules's] confidential pricing information to NDC in contravention of the . . . Agreement" and "also improperly reached out to numerous customers of [Hercules's] since his resignation seeking to set up meetings with those customers to find ways they can 'work together' for the benefit of [Cherne] and NDC." Spec. App'x 7–8. Moreover, Cherne "agrees and acknowledges" in the Agreement that "[i]n the event of a breach or threatened breach," Hercules "will suffer immediate and irreparable injury." App'x 99. On this record, the District Court did not err in determining that Hercules had established irreparable harm. *See N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 49 (2d Cir. 1999); *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 68–69 (2d Cir. 1999).

Turning next to likelihood of success on the merits, Cherne argues that the District Court should have applied the heightened standard that applies to "mandatory injunctions, which alter the status quo by commanding some positive act," and "injunctions that (1) would provide the plaintiff with all the relief that is sought and (2) could not be undone by a judgment favorable to defendants on the merits at trial." *JLM Couture, Inc. v. Gutman*, 91 F.4th 91, 105

4

(2d Cir. 2024) (quotation marks omitted).  But the injunction against Cherne is prohibitory rather than mandatory.  It "simply bar[s] a party from taking action that disturbs the status quo, defined as 'the last peaceable uncontested status preceding the present controversy.'"  *Id.* (quoting *Mastrio v. Sebelius*, 768 F.3d 116, 121 (2d Cir. 2014)).  Here, "the last peaceable uncontested status preceding the present controversy" existed immediately before Cherne resigned from Hercules to begin working for NDC the same day.  If Cherne ultimately prevails, his losses can be reasonably "undone by a judgment favorable to" him.  *Id.* (quotation marks omitted).  The District Court appropriately declined to apply a heightened standard to Hercules's motion for a preliminary injunction.

The District Court concluded that Hercules was likely to succeed on the merits of its claim that Cherne breached the Agreement.[1]  Its conclusion was justified by the record, especially because Cherne had "previously conceded that the . . . Agreement was valid[] and that he was engaged in 'Prohibited Activity' as that term is defined" in the Agreement.  Spec. App'x 10; *see* App'x 446–48.

---

[1] Cherne points to the language of the District Court's decision to argue that it "did not conclude that the balance of hardships tips '*decidedly*' in favor of Hercules," as required when a court finds only that there are serious questions going to the merits of the claims at issue.  Appellant's Br. 31–32.  We need not reach that argument because we conclude in any event that the record includes a finding that Hercules was likely to succeed on the merits of its claims.

5

Cherne separately challenges the scope of the restrictive covenant, but the District Court did not err in concluding that the Agreement satisfied the standard for reasonableness under governing New York law because it is limited to twelve months and prohibits only specific conduct that could reasonably be expected to harm Hercules. *See BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 388–89 (1999). Cherne's claim that the injunction "effectively bars [him] from the entire pharmaceutical industry throughout the United States for an entire year," Appellant's Br. 20, is without support in the record, *see* Spec. App'x 19–20.

Finally, "the public interest here is served by the enforcement of the parties' lawful agreement." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 897 (2d Cir. 2015). Accordingly, the District Court was within its discretion to grant Hercules's motion for a preliminary injunction.

We have considered Cherne's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court